Ms. Diane Kinchen Executive Director Okeechobee County Tourist Development Council 55 South Parrott Avenue Okeechobee, Florida 34974
Dear Ms. Kinchen:
You ask substantially the following question:
May the Okeechobee County Tourist Development Council use tourist development taxes to sponsor events for privately owned, for-profit businesses that may give significant exposure to Okeechobee County?
In sum:
Tourist development taxes may not be used for privately owned sports facilities. The governing body of the county, however, may decide, based upon an appropriate legislative determination, that the promotion of an event has as its main purpose the attraction of tourists for which tourist development funds may be used.
You describe two types of events that the Okeechobee County Tourist Development Council has proposed to sponsor or cosponsor using tourist development tax funds. The first is a bass fishing tournament to be cosponsored with a private, for-profit corporation, to be held at a county facility with the potential of attracting 320 participants from across the nation. Cosponsorship of this event would include an ad in the program for the event or in a magazine publication. The second event is a two-day event at a local, private racetrack that may attract 7,000-10,000 participants and spectators, with cosponsorship including the purchase of an annual track sponsorship.
Section 125.0104, Florida Statutes, known as the Local Option Tourist Development Act[1] (act), authorizes a county to impose a tax on short-term rentals of living quarters or accommodations within the county unless such activities are exempt pursuant to Chapter 212, Florida Statutes.[2] The purpose and intent of section 125.0104, Florida Statutes, is to "provide for the advancement, generation, growth and promotion of tourism, the enhancement of the tourist industry, and the attraction of conventioneers and tourists from within and without the state to a particular area or county of the state."[3]
Section 125.0104(5)(a), Florida Statutes, enumerates the exclusive purposes that may be funded by tourist development taxes. Pertinent to your inquiry, subsections 1. and 2. provide that tourist development tax revenues shall be used only:
"1. To acquire, construct, extend, enlarge, remodel, repair, improve, maintain, operate, or promote one or more publicly owned and operated convention centers, sports stadiums, sports arenas, coliseums, or auditoriums, or museums that are publicly owned and operated or owned and operated by not-for-profit organizations and open to the public, within the boundaries of the county or subcounty special taxing district in which the tax is levied. Tax revenues received pursuant to this section may also be used for promotion of zoological parks that are publicly owned and operated or owned and operated by not-for-profit organizations and open to the public. However, these purposes may be implemented through service contracts and leases with lessees with sufficient expertise or financial capability to operate such facilities;
2. To promote and advertise tourism in the State of Florida and nationally and internationally; however, if tax revenues are expended for an activity, service, venue, or event, the activity, service, venue, or event shall have as one of its main purposesthe attraction of tourists as evidenced by the promotion of theactivity, service, venue, or event to tourists[.]" (e.s.)
Where a statute enumerates the things upon which it is to operate or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[4] Thus, the specific enumeration in section125.0104(5)(a), Florida Statutes, of those projects for which tourist development tax revenues may be spent implies the exclusion of others.[5]
The plain language of section 125.0104(5)(a)1., Florida Statutes, limits the use of tourist development tax funds to publicly owned and operated sports stadiums or arenas.[6] This office has concluded that tourist development tax funds may not be used for privately owned sports stadiums or arenas.[7] It is clear, therefore, that privately owned facilities, such as the raceway, may not be funded under section 125.0104, Florida Statutes.
While tourist development funds may not be used to operate or promote a private sports facility, section 125.0104(5)(a)2., Florida Statutes, allows such funds to be spent for a venue or an event that has as one of its main purposes the attraction of tourists. The statute further states that the best evidence of such intent is that the venue or event is promoted to tourists. It would appear, therefore, that an attraction or event that may be privately owned or promoted could have as one of its main purposes the attraction of tourists to the area. Whether a particular venue or event is tourist related and furthers the purpose of promoting tourism, however, is a decision that must be made by the governing body of the county and not by this office.[8]
Accordingly, the governing body of Okeechobee County may exercise its authority to decide, based upon an appropriate legislative determination, that the promotion of an event has as its main purpose the attraction of tourists for which tourist development funds under section 125.0104, Florida Statutes, may be used.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 125.0104(1), Fla. Stat.
[2] See, s. 125.0104(3)(a), Fla. Stat., stating it is the intent of the Legislature that every person who rents, leases, lets living quarters or accommodations in "any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium for a term of 6 months or less is exercising a privilege which is subject to taxation under this section. . . ."
[3] See, Ops. Att'y Gen. Fla. 95-71 (1995), 94-12 (1994), 87-16 (1987), and 83-18 (1983).
[4] See, Op. Att'y Gen. Fla. 88-49 (1988), in which this office advised Monroe County that the expenditure of tourist development tax revenues was limited to those purposes set forth in the statute. And see, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[5] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), and Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944), for the proposition that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.
[6] Section 125.0104(5)(a)1., Fla. Stat., specifically allows the expenditure of tourist development tax funds for museums and zoological parks that are owned and operated by not-for-profit organizations and open to the public, as an exception to the general requirement that facilities be publicly owned to be eligible for such funds.
[7] See, Op. Att'y Gen. Fla. 96-54 (1996) (county tourist development funds may not be used for a sports stadium or arena, such as the Gainesville Raceway, that is owned and operated by a private, not-for-profit organization).
[8] See, Ops. Att'y Gen. Fla. 87-16 (1987) and 83-18 (1983).